Diane BLACK, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 37A03–9102–CR–45.

Court of Appeals of Indiana,
Third District.

Sept. 16, 1991.

Susan K. Carpenter, Public Defender, Stephen T. Owens, Deputy Public Defender, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

On February 5, 1990, appellant-defendant Diane Black pled guilty to conspiracy to possess cocaine, a Class C felony. Her sole claim on appeal is that the trial court's calculation of pre-sentence confinement credit was erroneous.

The facts relevant to the appeal disclose that Black was charged with numerous drug-related offenses in Jasper County on September 9, 1988. On November 28, 1988, Black appeared in court for her initial hearing and entered a plea of not guilty. Bond was set in the amount of $150,000.00, and Black was incarcerated in the Jasper County jail. On December 20, 1988, Black filed a motion for reduction of bond which the trial court granted that same day. The record is silent as to when Black posted bond.

After Black failed to appear for court-ordered appointments in June and July of 1989, the court ordered that her bond be forfeited and that an arrest warrant be issued. On January 5, 1990, Black filed a motion for hearing alleging that she had been incarcerated in the Lake County jail on misdemeanor charges since August 1, 1989. The court granted the motion and held a hearing on January 18, 1990, at which time it set the matter for dispositional hearing. On February 5, 1990, pursuant to a plea agreement, Black pled guilty to conspiracy to possess cocaine, a Class C felony. The court took the guilty plea under advisement and ordered the Jasper County sheriff to hold Black in the Jasper County jail until completion of the pre-sentence investigation report. The report was filed on February 23, 1990, and Black was returned to the Lake County jail. On March 5, 1990, the court accepted the guilty plea and sentenced Black to a 5–year term of imprisonment with 1 year suspended and 35 days pre-sentence confinement credit.[1]

On appeal, Black claims she is entitled to an additional 221 days of credit for time served from July 27, 1989, the date of her arrest and confinement in Lake County, to March 5, 1990, the date of her sentencing in Jasper County.[2] However, Black's confinement in the Lake County jail had nothing to do with the charge upon which she was sentenced in Jasper County. According to our Supreme Court in *Dorsey v. State* (1986), Ind., 490 N.E.2d 260, a defendant establishes credit when his confine-

---

1. Although the record is silent as to when Black posted bond, this Court is assuming she spent 35 days in the Jasper County jail before doing so.

2. In her motion for hearing, Black listed August 1, 1989, as the date of her Lake County arrest; however, in her motion to credit jail time and motion to correct erroneous sentence, she listed July 27, 1989, as the date of her arrest.

ment prior to sentencing *results from* the charge for which the sentence is imposed. *Id.* at 269 (Emphasis supplied.). Black's confinement in the Lake County jail was not a result of the Jasper County conspiracy charge; therefore, she is not entitled to an additional 221 days of credit. She is, however, entitled to an additional 18 days of credit for time served in the Jasper County jail from February 5, 1990, the date of her guilty plea, to February 23, 1990, the date of filing of the pre-sentence investigation report.

Remanded to the trial court with instructions to give Black an additional 18 days of pre-sentence confinement credit.

STATON and ROBERTSON, JJ., concur.

